IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DEONTE McKNIGHT; JEROME McKNIGHT;               PLAINTIFFS
STEPHANIE McKNIGHT; SHAWN McKNIGHT;
ANGELA MARSHALL; and NATASHA MARSHALL

v.                     No. 2:05CV00315 JLH

BANK OF AMERICA, NATIONAL ASSOCIATION            DEFENDANT

**OPINION**

This case is now before the Court for the second time. Previously, Deonte McKnight, Jerome McKnight, Stephanie McKnight, Shawn McKnight, Angela Marshall, and Natasha Marshall filed their complaint against Bank of America in the Western Division of this District as Case No. 4:05CV00904. Bank of America filed a motion to abstain or dismiss, arguing in part that under *Colorado River Waste Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), this Court should abstain from hearing the case. The Court granted Bank of America's motion, abstained under the *Colorado River* doctrine, and dismissed the complaint. A copy of the Opinion and Order is attached to this Order as Exhibit A.

After the Court entered the Opinion and Order in 4:05CV00904, Deonte McKnight, Jerome McKnight, Stephanie McKnight, Shawn McKnight, Angela Marshall, and Natasha Marshall filed a complaint in the Circuit Court of Phillips County, Arkansas, where the related probate proceedings are pending.[1]  Thereafter, Bank of America removed the case to this Court. Bank of America has

---

[1] This latest complaint was docketed in the Circuit Court of Phillips County as a separate case and was assigned to a separate judge, but, even so, it is in the same court as the probate case. *See Alexander v. Alexander*, 351 Ark. 359, 362, 93 S.W.3d 688, 690 n.2 (2002). The parties in this case persist in referring to "the Probate Court," but Arkansas has merged probate courts and circuit courts, and only circuit courts remain.

moved to dismiss or alternatively to stay the litigation on this new complaint, which it characterizes as "almost identical" to the complaint previously filed in this Court in Case No. 4:05CV00904. Plaintiffs have moved to remand this case to the Circuit Court of Phillips County and have also moved for sanctions.

Bank of America argues that the Court cannot remand this case because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. To the contrary, the Court may remand a case under the abstention doctrine. *Liebert Corp. v. Mazur*, 2005 WL 1563202 (N.D. Ill., June 6, 2005). Because Bank of America previously argued, with success, that under the *Colorado River* doctrine this Court should abstain from hearing Case No. 4:05CV00904, and because the complaint here is "almost identical" to the complaint there, the Court will again abstain. *Cf. Amtrust Inc. v. Larson*, 388 F.3d 594, 600-01 (8th Cir. 2004) (explaining the doctrine of judicial estoppel).

For these reasons, plaintiffs' motion for remand (Docket #13) is GRANTED. All other pending motions are DENIED AS MOOT.

IT IS SO ORDERED this 19th day of January, 2006.

_J. Leon Holmes_
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| DEONTE McKNIGHT; JEROME McKNIGHT;<br>STEPHANIE McKNIGHT; SHAWN McKNIGHT;<br>ANGELA MARSHALL; and NATASHA MARSHALL | PLAINTIFFS |
| v.   No. 4:05CV00904 JLH | |
| BANK OF AMERICA, NATIONAL ASSOCIATION | DEFENDANT |

**EXHIBIT A**

**OPINION AND ORDER**

Deonte McKnight, Jerome McKnight, Stephanie McKnight, Shawn McKnight, Angela Marshall, and Natasha Marshall brought this suit against the Bank of America alleging breach of fiduciary duty, negligence, and conversion regarding the defendant's administration of a trust on behalf of the plaintiffs. Bank of America filed a motion to abstain or dismiss (Docket #5), arguing that under *Colorado River Waste Conservation District v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), this Court should abstain from hearing the case. In the alternative, Bank of America argues that this Court should dismiss under *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983), because this Court would be forced to review the validity of prior orders issued by the Circuit Court of Phillips County. For the following reasons, this Court grants Bank of America's motion to abstain and denies Bank of America's motion to dismiss.

**I.**

A 1987 house explosion killed two of the children of John McKnight, Lula McKnight, and Mary Ann Marshall and maimed two others—Stephanie McKnight and Natasha McKnight, both plaintiffs in this case. Four probate cases were filed in the Probate Court of Phillips County (now

the Circuit Court of Phillips County)[2] in connection with the tort claims arising from the explosion. When all parties agreed upon a settlement, the probate court appointed Worthen Bank, Bank of America's predecessor, as trustee of the $898,269 settlement proceeds. In all four of the cases, the court in Phillips County entered orders approving an additional $50,000 tort settlement. John McKnight, Lula McKnight, and Mary Ann Marshall executed a trust instrument naming themselves and their six children—all of whom are plaintiffs in this case—as beneficiaries.

In 1994, the court in Phillips County closed the first two probate cases, *i.e.*, the cases involving the estates of the two children killed in the explosion, after distributing shares of the trust to their estates. In the third probate case, which relates to the tort settlement involving Shawn McKnight, the last filing was a Petition to Discharge the Guardian filed on July 15, 1996. That petition is still pending.

The court in Phillips County has used the fourth probate case—the one involving Deonte McKnight, Jeremy McKnight, Angela Marshall, Stephanie McKnight, and Natasha Marshall—as the main vehicle for the oversight of the trust. The court made over 59 docket entries in that case through July 18, 2005. On May 7, 2004, Bank of America petitioned to have the court accept its accounting. In that petition, Bank of America asked for a final distribution of assets by the court in accordance with the accounting, for an award of fees, for a final order of distribution, and for a discharge of all liability incident to the administration of the trust. On December 16, 2004, the attorneys for Stephanie McKnight and Natasha Marshall filed an objection to that accounting. The Circuit Court of Phillips County is now set to resolve the objections to Bank of America's

---

[2] *See Alexander v. Alexander*, 351 Ark. 359, 362, 93 S.W.3d 688, 690 n.2 (2002).

accounting.  Trial is set for four days beginning on February 7, 2006.  Discovery in that case has begun.

## II.

### A.   *COLORADO RIVER* ABSTENTION

Bank of America asserts that the issues in this case are the same as the issues in the state case.  The plaintiffs conceded at oral argument that the factual issues in both cases are the same.

Abstention is permitted in the "exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest."  *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 14, 103 S. Ct. 927, 936, 74 L. Ed. 2d 765 (1983).  Whether "exceptional circumstances" exist depends on six factors:

> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority—not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

*U.S. Fid. & Guar. Co. v. Murphy Oil USA, Inc.*, 21 F.3d 259, 263 (8th Cir. 1994).  These factors are not necessarily exhaustive, and should "be pragmatically applied in order to advance the 'clear federal policy' of avoiding piecemeal adjudication."  *Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Cooperatives, Inc.*, 48 F.2d 294, 297 (8th Cir. 1995).  When weighing these factors, "the balance [is] heavily weighted in favor of the exercise of jurisdiction."  *Moses H. Cone*, 460 U.S. at 16, 103 S. Ct. at 937.

**1.      Is there a *res* over which one court has established jurisdiction?**

Bank of America argues that this factor weighs in favor of abstention because the state court has had jurisdiction over the trust at issue in this case for more than 17 years. This factor will support abstention in either of two situations. First, where the federal court is proceeding *in rem* and the state court already has obtained jurisdiction over the property, the federal court should abstain. *See, e.g.*, *Princess Lida v. Thompson*, 305 U.S. 456, 466, 59 S. Ct. 275, 280, 83 L. Ed. 285 (1939). This case is not *in rem*. *See Harder v. Rafferty*, 709 F. Supp. 1111, 1114 (M.D. Fla. 1989). Second, where the federal case would adjudicate the rights of parties as to property that is also the subject of state litigation, the federal court is allowed to defer to the state court for the sake of a "comprehensive disposition of rights." *See Levy v. Lewis*, 635 F.2d 960, 966 (2d Cir. 1980). Here, plaintiffs seek money damages for torts allegedly committed by Bank of America and its predecessors in administering the trust, not some disposition of the *res*. This case would not pose a risk of inconsistent orders regarding the *res*. This first factor does not weigh in favor of or against abstention.

**2.      Is the federal forum inconvenient?**

Neither party argues that this factor is implicated in this case.

**3.      Will maintaining separate actions result in piecemeal litigation?**

The trust instrument named nine beneficiaries.[3] Six of those nine beneficiaries are plaintiffs here. One—John McKnight—has died. Two others—Lula McKnight and Mary Ann Marshall—are not parties to this case. The plaintiffs admitted at oral argument that the absence of these two

---

[3] Although the trust instrument at one point recites that there are only eight beneficiaries, the instrument actually identifies nine beneficiaries.

beneficiaries could result in piecemeal litigation. All eight of the surviving beneficiaries are before the Circuit Court of Phillips County and will be bound by its orders. Not so here.

The Eighth Circuit considers piecemeal litigation resulting from the exercise of federal jurisdiction to be the "predominant factor" in granting abstention unless the relevant law requires piecemeal litigation. *See Federated*, 48 F.3d at 297; *Ins. Co. of the State of Pa. v. Syntex Corp.*, 964 F.2d 829 (8th Cir. 1992) (finding "exceptional circumstances" solely based on this factor); *Gov't Employees Ins. Co. v. Simon*, 917 F.2d 1144, 1148-49 (8th Cir. 1990). Piecemeal litigation is a concern when the state court is able to settle the rights of all involved in a dispute, but the federal court may only be able to settle the rights of a smaller subset of those involved in a dispute. *See, e.g.*, *USF & G*, 21 F.3d at 263; *Syntex*, 964 F.2d at 834; *Fiedler v. Reliance Elec. Co.*, 823 F.2d 269 (8th Cir. 1987). Here, piecemeal litigation is likely if this Court exercises jurisdiction. Thus, this factor weighs in favor of abstention.

### 4. Which case has priority?

The Circuit Court of Phillips County has had continuous jurisdiction over the trust since 1987. The petition for approval of the accounting was filed there more than a year ago. The Supreme Court has stated that district courts should judge priority not by who filed first but which case has made more "progress." *Moses H. Cone*, 460 U.S. at 21, 103 S. Ct. at 940. Where the state court has already addressed motions, set a trial date, and begun discovery, while the federal case has not advanced farther than the pleadings, abstention is proper. *Darsie v. Avia Group Int'l*, 36 F.3d 743, 745 (8th Cir. 1994). Discovery in the Phillips County case has begun, and a trial date has been set for February 7, 2006. Although this Court has set a proposed trial date of March 20, 2006, Bank of America has yet to file a responsive pleading, and discovery has not begun. As noted, the Circuit Court of Phillips County has been handling matters related to this trust for the last 17 years. The

trustees have been responsible to that court for their actions. Because of that court's oversight of the trust for the last 17 years and the progress already made in that case, this factor weighs heavily in favor of abstention.

### 5. Does state or federal law control?

State law controls this case. The Eighth Circuit has been more willing to allow district courts to abstain when the issues in the federal case are entirely a matter of state law. *See USF&G*, 21 F.3d at 263. This factor weighs in favor of abstention.

### 6. Is the state forum adequate to protect the federal plaintiffs' rights?

The plaintiffs argue that, because the proceedings in the Circuit Court of Phillips County are probate proceedings, the Circuit Court of Phillips County will not have the power to grant the plaintiffs a jury trial and the compensatory and punitive damages they seek here. Until four years ago, Arkansas had separate courts for law, equity, and probate cases, but the Arkansas Constitution was amended effective July 1, 2001, to merge those courts. *See* Ark. Const. of 1874, amend. 80, §§ 6(A), 19(B)(1), 21. Because the circuit, chancery and probate courts have been merged, "[t]here is no longer a need to elect in which court to file a lawsuit." *First Nat'l Bank of Dewitt v. Cruthis*, __ S.W.3d __, 2005 WL 318695 (Ark. 2005). Circuit court jurisdiction includes all matters previously cognizable by circuit, chancery, and probate courts. *Id*. The forum in which the state action is pending—the Circuit Court of Phillips County—has the power not only to grant relief formerly available in probate court but also to grant a trial by jury and to award damages for causes of action that sound in law rather than in equity. Hence, the state forum is adequate to protect the plaintiffs' rights. Thus, this factor does not counsel against abstention.

The ultimate issue here is whether a trustee appointed by the Probate Court of Phillips County (now the Circuit Court) and subject to that court for 17 years violated the duties that the court

appointed it to fulfill. The court that made the appointment and issued orders to the trustee for those 17 years is in the best position to review the work of the trustee and the orders directing the trustee. That court has the authority to hear the claims presented here and to grant the relief requested here. The "exceptional circumstances" necessary to overcome the heavy presumption in favor of exercising jurisdiction are present in this case, and this Court therefore abstains.

### B.    *ROOKER-FELDMAN* **DOCTRINE**

Bank of America argues that the *Rooker-Feldman* doctrine precludes subject matter jurisdiction necessary in this case. Specifically, Bank of America argues that any ruling in this case by this Court must of necessity pass judgment on three prior state-court orders regarding the administration of the trust and therefore violate the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine states that district courts do not have subject matter jurisdiction over challenges to state-court decisions in judicial proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311, 75 L. Ed. 206 (1983). While similar to the doctrines of claim and issue preclusion, *Rooker-Feldman* is broader than both because its application does not depend on a final judgment on the merits. *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 n.1 (8th Cir. 1995). *Rooker-Feldman* "forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions." *Lemonds v. St. Louis Cty.*, 222 F.3d 488, 492 (8th Cir. 2000). Thus, the doctrine "precludes federal court jurisdiction over federal claims that are 'inextricably intertwined'" with matters previously decided in state court. *Gisslen v. City of Crystal, Minn.*, 345 F.3d 624, 627 (8th Cir. 2003).

A federal claim is "inextricably intertwined" if "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1,

25, 107 S. Ct. 1519, 1533, 95 L. Ed. 2d 1 (1987) (Marshall, J., concurring). That is, "[i]f the federal court can only provide relief by determining that the state court was wrong," the federal court violates *Rooker-Feldman* by retaining subject matter jurisdiction. *Ace Const. v. City of St. Louis*, 263 F.3d 831, 833 (8th Cir. 2001). However, the *Rooker-Feldman* doctrine does not bar a claim that is "separable from and collateral to the merits of the state-court judgment." *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1034 (8th Cir. 1999) (quoting *Pennzoil*, 481 U.S. at 21, 107 S. Ct. at 1531 (Brennan, J., concurring)).

Bank of America has not provided this Court with sufficient evidence to demonstrate that this case is "inextricably intertwined" with the three state-court orders. The plaintiffs' complaint is not specific as to the factual underpinnings of the plaintiffs' allegations and Bank of America has not produced the three state court orders for this Court to examine. Because Bank of America has not supplied specific information about the plaintiffs' claims, this Court denies Bank of America's motion to dismiss based on the *Rooker-Feldman* doctrines.

## CONCLUSION

For the foregoing reasons, Bank of America's motion to abstain (Docket #5) is GRANTED, while its motion to dismiss (Docket #5) is DENIED. This case is dismissed without prejudice.

IT IS SO ORDERED this   21st   day of September, 2005.

>*/s/ J. Leon Holmes*
>J. LEON HOLMES
>UNITED STATES DISTRICT JUDGE